IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| JAMES PENNY MEADE, JR., | ) | |
| | ) | Civil No. 04-1624-MO |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SHARON BLACKETTER, | ) | |
| | ) | OPINION AND ORDER |
| Respondent. | ) | |

    Craig J. Gabriel
    Ransom Blackmon LLP
    1001 SW Fifth Avenue, Suite 1400
    Portland, oregon 97204-1144

        Attorney for Petitioner

    Hardy Myers
    Attorney General
    Lynn David Larsen
    Assistant Attorney General
    Department of Justice
    1162 Court Street NE
    Salem, Oregon 97310

        Attorneys for Respondent

///

MOSMAN, District Judge.

Petitioner brings this habeas corpus action pursuant to 28 U.S.C. § 2254 in which he attempts to challenge four state convictions for Sexual Abuse in the First Degree. For the reasons which follow, the Petition for Writ of Habeas Corpus (#2) is DENIED.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act ("AEDPA") was enacted on April 24, 1996. AEDPA provides that a one-year statute of limitations applies to federal habeas corpus actions filed by state prisoners. Respondent calculates that petitioner allowed 378 untolled days to elapse before filing the current action. Petitioner concedes that this action is untimely, but argues that denying habeas relief on the basis of timeliness violates the Suspension Clause of the Constitution.

The Suspension Clause provides that "[t]he privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." U.S. Constitution, Article I, Section 9, Clause 2. The Ninth Circuit has held that the one-year limitations period does not constitute a *per se* suspension of the writ. Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000). Petitioner acknowledges the Ninth Circuit's holding in Green, but asks the court to reject it because "the conclusory nature of this decision ignores the reality facing many

state inmates and fails to take into account their lack of sophistication and awareness of changes in legal procedure." Memo in Support (#13), p. 3.

District courts are bound to follow the precedents of their own circuit. <u>Zuniga v. United Can Co.</u>, 812 F.2d 443, 450 (9th Cir. 1987). Because the Ninth Circuit has clearly held that AEDPA's one-year limitation period is not an unconstitutional suspension of the writ, the Petition for Writ of Habeas Corpus is denied on the basis that it is untimely.

## **CONCLUSION**

The Petition for Writ of Habeas Corpus is DENIED on the basis that it is untimely.

IT IS SO ORDERED.

DATED this <u>2nd</u> day of August, 2005.

                                    /s/ Michael W. Mosman
                                    Michael W. Mosman
                                    United States District Judge

3 - OPINION AND ORDER